Whitfield v. Wooldridge et al.

JAMES WHITFIELD, Governor, *vs.* THOMAS D. WOOLDRIDGE et al.

A suit upon the official bond of a tax collector, for his failure to pay over state and county taxes collected by him, is properly brought in the name of the acting governor of the state ; it need not be brought for the use of the state or the county.

Where the sureties upon a tax collector's bond are sued alone for his failure to pay over the taxes collected by him, it is essential to aver that the moneys charged to have been collected on account of the taxes were the legally assessed taxes, which the collector, by the law, and the condition of his bond, was authorized and required to collect and pay over.

The sureties of a tax collector are bound only for the due collection, safe keeping, and punctual payment by their principal, of the legally assessed taxes for the state and county, and not for moneys which the collector, in his official character, was not authorized and required by law to collect.

In a suit upon a tax collector's bond for his failure to pay over the state and county taxes collected by him, it is necessary, in assigning breaches of

the condition of the bond, to designate the several sums which belong to the state and county treasuries respectively.

After a demurrer to the declaration has been adjudged good, it is error for the circuit court to refuse the application of the plaintiff for leave to amend. In such cases, it has been the uniform practice to permit amendments where the declaration was amendable.

On appeal from the circuit court of Noxubee county; Hon. John Watts, judge.

The facts of the case are stated in the opinion of the court.

*Wood*, for the plaintiff in error.

*Dabney, Harris & Harrison*, for defendant in error.

Mr. Chief Justice Smith delivered the opinion of the court.

This suit was brought on the official bond of a tax collector, for a failure to pay over moneys collected by him, as the state and county tax collector for the county of Noxubee. The defendants demurred to the declaration, and assigned for special causes, amongst others, that the suit should have been brought for the use of the state or the county; that the assignment of breaches was defective for want of sufficient precision and certainty; and that a breach alleging a failure to pay into the state treasury the taxes of the state, was improperly joined with another, in which defendant is charged with a failure to pay the county tax collected by him into the county treasury. The demurrer was sustained for each of these causes.

The suit was instituted in the name of A. G. Brown, as acting governor of the state, and as successor to T. M. Tucker, to whom the bond was made payable, in his official capacity. This fact of itself, if there were nothing in the declaration to disclose the consideration of the bond, according to the decision in *Parmilee* v. *McNutt*, 1 S. & M. 179, would be sufficient to show that the state was the real plaintiff for whose use, in fact, the suit had been brought. But in the case under consideration, the declaration shows upon the face of it, that the suit was instituted upon the official bond of a defaulting

Whitfield *v.* Wooldridge et al.

public officer, for the recovery of certain sums of money received by the tax collector, and which the state claims as a part of the public revenue. Hence the court erred in sustaining the demurrer for the first cause assigned.

In the assignment of the breaches, it is not alleged that there was any assessment of the taxes for the state or county, or that the sums of money avowed to have been collected by the defendant, on account of the state or county tax, were the legally assessed taxes, and which as such the defendant as collector, by the law and the condition of the bond, was authorized and required to receive and pay over. This it was essential to aver; especially as the suit stands against the sureties in the bond alone, as they are bound by the stipulations of their contract for the due collection, safe keeping, and punctual payment by their principal of the legally assessed taxes for the state and county, and not for sums of money which the collector in his official character was not authorized and required by law to collect.

We think there was also error in the joinder of the breaches. This is evident, as the judgment, if a recovery were had against the obligors in the bond, would not designate the portions of the sum recovered, which would belong respectively to the state or county treasury.

After the decision of the court on the demurrer, leave to amend the declaration was applied for by the district attorney, and refused by the court, and judgment final was entered against the plaintiff. This was error. The rules of practice in cases when a demurrer to the plea is overruled, were never applied to cases in which a demurrer to the declaration was adjudged good. In such cases it has been the uniform practice to permit amendments, where the declaration was amendable. It is now the settled practice, in all cases in which the demurrer to the plea of defendant is overruled, to allow the plaintiff to reply; and that it is error in the circuit courts to disallow it. *Shields* v. *Taylor*, 13 S. & M. 127.

Let the judgment be reversed, and the cause remanded with leave to amend.